**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VERMONT MUTUAL INSURANCE COMPANY** a/s/o Paul and Amey Larrat<br>Plaintiff<br><br>v.<br><br>**P & J ALARM COMPANY**<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C. A. No.: 04-315T |

**PLAINTIFF'S CONSENTED TO MOTION FOR RECONSIDERATION**

Plaintiff, Vermont Mutual Insurance Company, as subrogee of Paul and Amey Larrat, through their undersigned counsel, hereby requests this Honorable Court to reconsider its denial of Plaintiff's Motion to File in Excess of Twenty Pages In Support of its Opposition to Defendant's Motion For Summary Judgment. Counsel for Defendant has consented to the filing of the additional exhibits. In further support of this motion, plaintiff offers the accompanying Memorandum of Law.

Respectfully submitted,

ROBERTS, CARROLL, FELDSTEIN & PEIRCE

BY: ______________________
Marco Uriati, Esquire
Ten Weybosset Street – 8th Floor
Providence, RI 02903
Tel.: 401-521-7000
Fax: 401-521-1328

COZEN O'CONNOR

BY: ______________________
Robert M. Caplan, Esquire
1900 Market Street
Philadelphia, PA 19103
Tel: 215-665-4191
Fax: 215-701-2491

Dated: June 16, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **VERMONT MUTUAL INSURANCE COMPANY** a/s/o Paul and Amey Larrat, Plaintiff | : | C. A. No.: 04-315T |
| v. | : | |
| **P & J ALARM COMPANY**, Defendant | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

## I. PROCEDURAL HISTORY

This matter arises out of a fire at the home of plaintiff's insureds, Paul and Amey Larrat. The fire occurred as a result of lightning strike. Defendant P&J Alarm Company (hereinafter "P&J") installed and monitored a fire alarm system at the Larrats' home. The fire alarm system failed to detect the fire and send a signal to the monitoring station, which delayed the Fire Department's response and allowed the fire to spread and ultimately destroy 90% of the Larrats' home. Defendant filed a Motion for Summary Judgment based on limitation of liability language contained in an alarm monitoring agreement and two purchase agreements signed by the Larrats (hereinafter collectively "the alarm agreements").

On June 3, 2005, plaintiff filed an Opposition to Defendant's Motion for Summary Judgment. Plaintiff's Opposition included approximately 60 pages of exhibits. Plaintiff inadvertently failed to request permission from the Court to file more than 20 pages of exhibits as is required by Amended General Order #2002-01. The Opposition was deemed filed by the Clerk of the Court but plaintiff was directed to either comply with the page limitation or request permission from the Court to file in excess of 20 pages.

On June 9, 2005, plaintiff filed a Motion to File In Excess of Twenty Pages in Support of Its Opposition To Defendant's Motion For Summary Judgment (hereinafter "Motion to File In Excess"). On June 14, 2005, the Court denied this Motion. Plaintiff now requests that the Court reconsider its denial and issue an Order allowing plaintiff to attach in excess of 20 pages of exhibits to its Opposition.

## II. LEGAL ARGUMENT

Plaintiff seeks to attach approximately 60 pages of exhibits to its Opposition. Defendant P&J's Motion For Summary Judgment is based entirely on a limitation of liability provision found in the agreements. In its Opposition, plaintiff argues that the alarm agreements were all void because defendant lacked a state mandated alarm license and the alarm agreements were only signed by Paul Larrat because of material misrepresentations made by defendant regarding its licensure and the qualification of its installers. Plaintiff further argues that even if the alarm agreements are not entirely void, the limitation of liability provisions found within them cannot bar a claim against defendant because of defendant's gross negligence or recklessness. In order to demonstrate to this Court that there are genuine issues of material fact with regard to these issues, it is absolutely critical that plaintiff cite: relevant and important deposition testimony from P&J's principal, Judy Santa, and the installer who did the work, Thomas Somers; testimony from its insureds regarding the circumstances under which the work was done and their state of mind at the time they signed the alarm agreements; the report of the local fire marshal; and a detailed report from plaintiff's liability expert, Robert Schifiliti, whose investigation revealed gross negligence on the part of defendant. Plaintiff has reviewed its proposed exhibits and submits to the Court that all are necessary in order to properly respond to defendant's dispositive motion and to set forth the facts in the record supporting plaintiff's arguments. Each proposed exhibit and its relevance are described below.

**EXHIBIT A. DEPOSITION TESTIMONY OF AMEY LARRAT**

Amey Larrat is plaintiff's insured. Several pages from her deposition are excerpted and attached in order to set forth the circumstances surrounding the installation of the alarm system. This testimony is necessary in order to demonstrate the context in which the alarm monitoring agreements came into existence, which is critical in order for the Court to determine whether the alarm agreements are void.

**EXHIBIT B. P&J PURCHASE ORDER DATED 7/5/1994**

This a document which defendant relies upon in its Motion For Summary Judgment. This document was attached to defendant's Motion, however, plaintiff chose to attach it to its Opposition for the Court's convenience and for contextual purposes.

**EXHIBIT C. ALARM MONITORING SERVICE AGREEMENT**

This a document which defendant relies upon in its Motion For Summary Judgment. This document was attached to defendant's Motion, however, plaintiff chose to attach it to its Opposition for the Court's convenience and for contextual purposes.

**EXHIBIT D. P&J PURCHASE ORDER DATED 3/23/1998**

This a document which defendant relies upon in its Motion For Summary Judgment. This document was attached to defendant's Motion, however, plaintiff chose to attach it to its Opposition for the Court's convenience and for contextual purposes.

**EXHIBIT E. REPORT OF FIRE MARSHAL SUSAN L. HAWKSLEY**

Fire Marshal Hawksley investigated this fire on behalf of the local Fire Department. The report details her investigation and concludes that the fire was the result of a lightning strike. The report also details a timeline of events, including when the fire was reported and when the Fire Department first arrived. There is no dispute that the fire alarm system failed to send an alarm signal to the Fire Department. As a result, the fire spread and destroyed 90% of the

Larrats' home. Plaintiff's allegation is that if the system had functioned properly, the Fire Department would have been notified immediately and the fire would have been suppressed in its incipient stages. Accordingly, the time line of notice to and response by the Fire Department is critical to plaintiff's case.

**EXHIBIT F. REPORT OF ROBERT P. SCHIFILITI**

Robert P. Schifiliti is plaintiff's alarm expert. His report details the multitude of problems and deficiencies he observed in the fire alarm system which was removed from the Larrats' home. He opined that this was one of the worst installations he has ever seen. He also noted that P&J violated numerous industry codes and standards, acted without regard to quality or safety and allowed unqualified and inexperienced installers to do alarm installation work. His expert opinion as to the gross negligence found is necessary in order to demonstrate that there is a genuine issue of material fact with regard to whether defendant P&J was grossly negligent or reckless.

**EXHIBIT G. DEPOSITION TESTIMONY OF THOMAS SOMERS**

Thomas Somers was the installer who did the installations at the Larrats' home for P&J. He was the primary installer for P&J for a period of almost ten years. He admitted during his deposition that he did a number of installations, including the original installation at the Larrats' home, without a state required alarm installer's license. He also admitted that this particular installation was particularly bad, including code violations as to equipment and improper grounding techniques. Most importantly, he detailed the illegal manner in which P&J was operating for almost ten years without a state required license to do fire alarm installation work. Mr. Somers' testimony is critical to plaintiff's arguments that the alarm agreements are void and that P&J's conduct was grossly negligent and/or reckless.

**EXHIBIT H. ALARM LICENSING STANDARDS**

The Department of Business Regulation, Division of Commercial Licensing has promulgated a series of regulations relating to licenses for alarm companies. These regulations specifically state that one person cannot hold a master's alarm license for two companies. Defendant has admitted that it lacked a state required alarm license and was using the license of Jim Governor of JED electric, another alarm company, to pull permits. These regulations set forth that this practice is not acceptable. The regulations are not easily identifiable by citation and plaintiff was not sure whether or not they would be readily accessible to the Court.

**EXHIBIT I. DEPOSITION TESTIMONY OF JUDY SANTA**

Judy Santa is the principal of P&J. She admitted in her deposition that no P&J employees had a master's license for a ten year period and that P&J relied on Jim Governor to pull permits. This testimony is critical to plaintiff's argument that the alarm agreements are void because P&J lacked a state required fire alarm license and therefore did not have the capacity to enter into a fire alarm installation or monitoring agreement.

**EXHIBIT J. AFFIDAVIT OF PAUL LARRAT**

Paul Larrat signed all three alarm agreements relied on by defendant in its Motion for Summary Judgment. Mr. Larrat stated in his affidavit that he signed the agreements based on a representation by P&J that it was properly licensed and certified by the State of Rhode Island to do fire alarm installation and monitoring. He further stated that he would not have entered into this agreement had he known P&J lacked the state required licensure. Mr. Larrat's knowledge and state of mind at the time he signed the alarm agreements are critical to the Court's determination of whether or not the alarm agreements are void.

## III. CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests this Honorable Court to reconsider its denial of Plaintiff's Motion to File In Excess and allow plaintiff to attach the 60 pages of exhibits to its Opposition.

Respectfully submitted,

ROBERTS, CARROLL, FELDSTEIN & PEIRCE

BY: ______________________________

Marco Uriati, Esquire
Ten Weybosset Street – 8th Floor
Providence, RI 02903
Tel.: 401-521-7000
Fax: 401-521-1328

COZEN O'CONNOR

BY: ______________________________

Robert M. Caplan, Esquire
1900 Market Street
Philadelphia, PA 19103
Tel: 215-665-4191
Fax: 215-701-2491

Dated June 16, 2005

**CERTIFICATE OF SERVICE**

I, Marco Uriati, hereby certify that on this 16th day of June, 2005, a true and correct copy of the foregoing was served via regular mail on the following counsel of record:

Craig A Johns, Esquire
Law Office of John T. Madden
475 Kilvert Street, Suite 125
Warwick, R.I. 02886

Marco Uriati, Esquire